**[Cite as *State v. Stout*, 2026-Ohio-2495.]**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 24AP-750 |
| | | (M.C. No. 2024 CRB 009661) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| David Stout, | : | |
| Defendant-Appellant. | : | |
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 24AP-751 |
| | | (M.C. No. 2024 CRB 014526) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| David Stout, | : | |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on June 30, 2026

**On brief:** *Zachary M. Klein*, City Attorney, *Melanie R. Tobias-Hunter*, and *Dave Pelletier*, for appellee. **Argued:** *Dave Pelletier*.

**On brief:** *Campbell Law, LLC*, and *April F. Campbell*, for appellant. **Argued:** *April F. Campbell*.

APPEALS from the Franklin County Municipal Court

DINGUS, J.

{¶ 1} Defendant-appellant, David Stout, appeals judgments from the Franklin County Municipal Court, which accepted Stout's guilty plea to violation of a protection order in case No. 24CRB-14526 and accepted his stipulation that he violated the community

control terms of a previous conviction for aggravated menacing in case No. 24CRB-9661. The trial court sentenced Stout to two days in jail, time served, and extended Stout's community control sanction by one year. For the reasons that follow, we affirm the court's judgment in case No. 24CRB-14526, vacate the portion of the court's judgment that extended Stout's community control sanction in case No. 24CRB-9661, and affirm the judgment as modified.

## I. Facts and Procedural History

{¶ 2} The facts here are undisputed. In June 2024, Stout was charged with domestic violence and aggravated menacing in case No. 24CRB-9661. Stout later entered into a plea agreement with plaintiff-appellee, State of Ohio, agreeing to plead guilty to aggravated menacing in exchange for a dismissal of the domestic violence charge.

{¶ 3} Stout and his attorney appeared at the June 2024 plea hearing, the state recited the details of the plea offer, and the trial court asked Stout to confirm that the offer reflected his understanding of how the parties were proceeding. The court then reviewed a written advice of rights and waiver of trial by jury, which bore Stout's witnessed signature. The document included a statement that Stout had been advised "[a] plea of guilty is a complete admission of my guilt." (Advice of Rights & Waiver of Trial by Jury.) Stout confirmed with the court that the signature on the document was his. He confirmed that prior to signing the document, he reviewed it with counsel and understood everything that counsel had explained. Stout's counsel confirmed she believed that Stout was knowingly, intelligently, and voluntarily entering his plea. The court did not ask for an explanation of the circumstances of the offense. The court accepted Stout's plea and imposed a jail term of 180 days, with 13 days' credit for time served and 167 days suspended. The court imposed a two-year period of community control with various conditions. The court did not inform Stout that it could extend his community control sanction if he violated its terms.

{¶ 4} A few months later, Stout was charged with violating a protection order in case No. 24CRB-14526, and the state filed a notice in case No. 24CRB-9661 alleging that Stout had violated the terms of his community control. Stout later entered an agreement with the state that he would plead guilty to violating a protection order and stipulate to the community control violation and the parties would jointly recommend a sentence of time served and continuation of community control with a few added conditions.

{¶ 5}    Again, Stout and his attorney appeared at the November 2024 plea hearing, the state recited the details of the plea offer, and the trial court asked Stout to confirm that the offer reflected his understanding of how the parties were proceeding. The court then reviewed a written advice of rights and waiver of trial by jury, which bore Stout's witnessed signature. The document included a statement that Stout had been advised that "[a] plea of guilty is a complete admission of my guilt." Stout confirmed with the court that the signature on the document was his and that he had understood everything that counsel had explained when reviewing the document. Stout's counsel confirmed she believed that Stout was knowingly, intelligently, and voluntarily entering his plea. The court did not ask for an explanation of the circumstances of the offense. The court accepted Stout's plea to violation of a protection order and imposed a jail term of two days, time served. The court indicated it had originally intended to revoke Stout's community control but decided instead to continue his community control with the additional conditions that the parties had jointly recommended. The court's entry reflected that it extended Stout's community control term by one year, though the court did not indicate during the hearing that it would extend Stout's community control term.

{¶ 6}    Stout filed a notice of appeal, and the matter is now before this court.

## II. Assignments of Error

{¶ 7}    Stout assigns the following three assignments of error for our review:

> [I.] Defendant's pleas in Case No. 24CRB009661 and Case No. 24CRB014526 should be vacated because the trial court failed to comply with R.C. 2937.07. Thus, remand for dismissal of the charges for insufficient evidence on Double Jeopardy grounds is warranted.
>
> [II.] Defendant's pleas in Case Nos. 2024CRB01452[6] and 2024CRB9661 were not knowing, voluntary, and intelligent under the Ohio and Federal Constitutions. They were also accepted in violation of Crim.R. 11.
>
> [III.] Stout's Community Control Sanctions in Case No. 24CRB9661 was extended on Nov. 26, 2024, and additional sanctions imposed, in violation of Stout's right to procedural Due Process and R.C. 2929.25.

### III. Discussion

{¶ 8}   As an initial matter, we note that Stout attempted to appeal the trial court's August 2024 sentencing entry in case No. 24CRB-9661 as well as the court's November 2024 judgments in both case Nos. 24CRB-9661 and 24CRB-14526.  Stout conceded at oral argument that his attempted appeal from the August 2024 judgment was not timely.  This court's jurisdiction is therefore limited to appellate review of the court's November 2024 revocation decision in case No. 24CRB-9661 and sentencing entry in case No. 24CRB-14526.  *See* App.R. 4(A); *State v. Berry*, 2011-Ohio-3931 ¶ 9 (10th Dist.).  We dismiss in part Stout's first and second assignments of error related to the August 2024 judgment.

### A. Misdemeanor guilty plea requirements under R.C. 2937.07

{¶ 9}   In his first assignment of error, Stout argues that his November 2024 guilty plea should be vacated because the trial court failed to include an explanation of the circumstances of the offense in the record as required by R.C. 2937.07 for misdemeanor offenses.  We apply a de novo standard when reviewing a court's compliance with criminal plea and sentencing statutes.  *State v. Blankenship*, 2011-Ohio-1601, ¶ 5 (10th Dist.).

{¶ 10}  When a defendant pleads guilty or no contest to a misdemeanor offense, the court "shall call for an explanation of the circumstances of the offense from the affiant or complainant or the affiant's or complainant's representatives."  R.C. 2937.07.  In the context of a guilty plea, after the court hears "the explanation of circumstances, together with any statement of the accused," the court may proceed to sentencing.  *Id.*  In the context of a no contest plea, after the court hears the explanation of circumstances, the court must "make a finding of guilty or not guilty from the explanation of the circumstances of the offense," and may proceed to sentencing only if the court finds the defendant guilty of the offense.  *Id.*

{¶ 11}  The standards in R.C. 2937.07 provide a "layer of procedural protection to the defendant."  *Girard v. Giordano*, 2018-Ohio-5024, ¶ 15.  The protection is particularly important to defendants pleading no contest, as the rule allows the trial court to find the defendant not guilty based on the explanation of circumstances.  *Id.* at ¶ 18.  However, the plain language of the rule does not provide the same possibility of a not-guilty finding for defendants pleading guilty.  In the context of guilty pleas, a trial court's failure to call for an explanation of the circumstances of a misdemeanor offense is generally considered to be

harmless error. *See State v. Padgelek*, 2026-Ohio-817, ¶ 26 (7th Dist.), citing *State v. Price*, 2025-Ohio-1487, ¶ 41 (2d Dist.), *State v. Sanchez*, 2024-Ohio-5868, ¶ 17-18 (11th Dist.), and *State v. Thompson*, 2024-Ohio-5533, ¶ 16 (6th Dist.).  Even more generally, a trial court's failure to comply with a legal rule is harmless if it "does not affect substantial rights." Crim.R. 52(A).  An error prejudicially affects a defendant's substantial rights if it affects the outcome of the proceedings. *State v. Boaston*, 2020-Ohio-1061, ¶ 62.  For errors related to non-constitutional elements of a plea colloquy, "[t]he test for prejudice is 'whether the plea would otherwise have been made.' " *State v. Dangler*, 2020-Ohio-2765, ¶ 16, quoting *State v. Nero*, 56 Ohio St.3d 106, 108 (1990).  Thus, a trial court's non-compliance with R.C. 2937.07 in the course of accepting a guilty plea is harmless if nothing in the record indicates that the defendant "would not have entered the plea but for the incomplete information." *Dangler* at ¶ 2.

{¶ 12} Stout did not lodge any objection when the trial court proceeded to sentencing on his misdemeanor offense without first calling for an explanation of the circumstances.  He did not indicate at any point, including on appeal, that he would not have pleaded guilty but for the court's failure to call for an explanation of the circumstances of the offense.  Stout's argument on appeal fails to articulate any prejudice, and no prejudice is apparent from the record.  The court's failure to fully comply with R.C. 2937.07 was harmless.  Accordingly, we overrule Stout's first assignment of error.

### B. Explaining the effect of a guilty plea under Crim.R. 11(B) and (E)

{¶ 13} In his second assignment of error, Stout argues that his November 2024 guilty plea was not knowingly, voluntarily, and intelligently entered because the trial court did not inform him that his guilty plea would be a complete admission of his guilt pursuant to Crim.R. 11.  When reviewing a court's compliance with Crim.R. 11, we apply a de novo standard of review. *State v. Rodriguez*, 2017-Ohio-9130, ¶ 15 (10th Dist.).

{¶ 14} A trial court's compliance with Crim.R. 11 ensures that a defendant's plea is being made knowingly, voluntarily, and intelligently. *See State v. Brinkman*, 2021-Ohio-2473, ¶ 10-11; *State v. Barnes*, 2022-Ohio-4486, ¶ 15.  The rule has different procedural requirements depending on the level of the offense involved. *State v. Jones*, 2007-Ohio-6093, ¶ 11.  For felony charges, a trial court must inform the defendant about constitutional rights, including the right to a jury trial, confrontation of witnesses, the compulsory process

for obtaining defense witnesses, the state's burden to prove guilt beyond a reasonable doubt, and the defendant's right not to testify against himself. Crim.R. 11(C)(2)(c); *Id*. at ¶ 12. The trial court must also inform a felony defendant about non-constitutional matters, including the nature of the charge, the maximum penalty involved, the possibility of post-release control, eligibility for probation or community control, and the possibility that the court will proceed immediately to sentencing upon accepting the defendant's plea. Crim.R. 11(C)(2)(a) and (b); *State v. Veney*, 2008-Ohio-5200, ¶ 8-13.

{¶ 15} For both felony and misdemeanor cases, the trial court must inform the defendant of the effect of the plea. Crim.R. 11(B); *State v. Watkins*, 2003-Ohio-2419, ¶ 26. To comply with Crim.R. 11(B) in the context of a guilty plea, the trial court must inform the defendant that "[t]he plea of guilty is a complete admission of the defendant's guilt." Crim.R. 11(B)(1). For felonies and misdemeanors involving serious offenses, the trial court "must also address the defendant personally and determine that the defendant is making the plea voluntarily." (Internal quotations omitted.) *Watkins* at ¶ 26, discussing Civ.R. 11(C)(2) and (D). For misdemeanors involving petty offenses, the court need only "inform[] the defendant of the effect of the plea of guilty, no contest, and not guilty." Civ.R. 11(E). The parties do not dispute that Stout's charge was a petty misdemeanor, thus Crim.R. 11(E) applies.

{¶ 16} A trial court must strictly comply with the constitutional elements of Crim.R. 11, but it need only substantially comply with the non-constitutional elements of the rule. *Veney* at ¶ 18. The trial court's obligation under Crim.R. 11(B) to explain that "a guilty plea is a complete admission of guilt" is a non-constitutional element of the rule "and therefore is subject to review under a standard of substantial compliance." *State v. Griggs*, 2004-Ohio-4415, ¶ 12. " 'Substantial compliance means that under the totality of the circumstances, the defendant subjectively understands the implications of his plea and the rights he is waiving.' " *Veney* at ¶ 15, quoting *Nero*, 56 Ohio St.3d at 108. Even if a court does not substantially comply with a non-constitutional element of Crim.R. 11, a defendant challenging the validity of his guilty plea must show that he was prejudiced by the non-compliance, i.e., that he would not have entered his guilty plea but for the non-compliance. *Id*.; *State v. Dangler,* 2020-Ohio-2765, ¶ 2, 17. "Prejudice must be established 'on the face of the record.' " *Id*. at ¶ 24, quoting *Hayward v. Summa Health*

*Sys./Akron City Hosp.*, 2014-Ohio-1913, ¶ 26, quoting *Wagner v. Roche Laboratories*, 1999-Ohio-309, ¶ 21.

{¶ 17} When a defendant enters a guilty plea without asserting that he is actually innocent, he "is presumed to understand that he has completely admitted his guilt." *Griggs* at syllabus. "In such circumstances, a court's failure to inform the defendant of the effect of his guilty plea as required by Crim.R. 11 is presumed not to be prejudicial." *Id.* Moreover, proof of a written plea signed by the defendant may be sufficient to establish that a defendant understood the effect of a plea and the rights he was waiving. *See State v. Brooke*, 2007-Ohio-1533, ¶ 47.

{¶ 18} Here, the trial court did not explain during Stout's plea hearing that a guilty plea would be a complete admission of his guilt. However, Stout signed a written advice of rights and waiver of trial by jury, which included the statement that Stout had been advised that "[a] plea of guilty is a complete admission of my guilt." During his plea hearing, Stout confirmed with the trial court that the signature on the document was his. He confirmed that prior to signing the document, he reviewed it with counsel and understood everything that counsel had explained. Stout does not claim that he would not have pleaded guilty but for the trial court's failure to explain that his guilty plea was a complete admission of his guilt, and no prejudice is apparent from the record. Accordingly, Stout has not demonstrated that the shortcomings of his plea procedure resulted in prejudicial error, and we overrule his second assignment of error.

### C. Authority to add community control sanctions under R.C. 2929.25

{¶ 19} In his third assignment of error, Stout asserts the trial court's decision to add conditions to his community control sanction and to extend the term of community control by one year violated R.C. 2929.25(A)(3) and his due process rights. He argues the court was prohibited from adding to his community control sanction in November 2024 because the court failed to explain at the June 2024 hearing that he could face additional sanctions for violating the conditions of his community control. Stout's argument raises an issue of law that we review de novo. *See State v. Thomas*, 2024-Ohio-5662, ¶ 51 (10th Dist.).

{¶ 20} R.C. 2929.25 governs community control sanctions for misdemeanor offenses. The statute starts off by giving the trial court two options related to community control: the court can either directly impose a term of community control,

R.C. 2929.25(A)(1)(a), or it can impose a jail term and then suspend all or part of the term and impose community control, R.C. 2929.25(A)(1)(b). If the court chooses option A, it must notify the offender about the potential consequences of violating community control. R.C. 2929.25(A)(3). If the court chooses option B, it does not have to provide the same notification. *Thomas* at ¶ 55. The court here chose option B.

{¶ 21} Stout's statutory argument is premised on the trial court's alleged failure to comply with the notification requirements in R.C. 2929.25(A)(3). Because the requirements of R.C. 2929.25(A)(3) were not mandatory in this case, Stout's statutory argument fails. We further note that the additional conditions on Stout's community control were jointly recommended by the parties as part of Stout's plea agreement. Even assuming the court committed error in adding conditions to Stout's community control, Stout invited the error and cannot claim it as grounds for reversal on appeal. *See State v. Campbell*, 2000-Ohio-183, ¶ 26.

{¶ 22} The parties did not, however, ask the court to add an extra year onto the term of community control in case No. 24CRB-9661, and the trial court failed to indicate at Stout's plea hearing that it planned to extend the duration of Stout's community control sanction. Crim.R. 43(A) provides that "the defendant must be physically present at every stage of the criminal proceeding and trial, including . . . the imposition of sentence." The state concedes that the court's failure to impose the additional one-year term of community control in Stout's presence violated Crim.R. 43(A). We agree, and conclude that the offending portion of Stout's sentence is clearly and convincingly contrary to law. *See* R.C. 2953.08(G)(2)(b).

{¶ 23} We have previously held that when a trial court imposes a sentence that differs from the sentence pronounced in the defendant's presence at the sentencing hearing, the appropriate remedy is to reverse the judgment entry of sentence and remand for a new sentencing hearing. *State v. Aliane*, 2004-Ohio-3730, ¶ 8-9 (10th Dist.). Rather than advocate for resentencing to correct the error, the state contends that the portion of the court's entry that extends Stout's term of community control is "ineffective." (Appellee's Brief at 27.) Stout contends that his sentence should be vacated.

{¶ 24} Given the positions of the parties, we find it appropriate to simply excise the portion of the trial court's written decision that modified the sentence stated on the record

at Stout's November 2024 hearing. *See State v. Tichaona*, 2011-Ohio-6001, ¶ 53 (11th Dist.). *See also* R.C. 2953.08(G)(2)(b) and App.R. 12(A)(1)(a) (providing appellate courts the discretion to vacate or modify the judgment appealed). We will therefore modify the trial court's sentencing entry in case No. 24CRB-9661 to vacate the portion of the decision that imposes an additional year of community control. Accordingly, we sustain Stout's third assignment of error in part, and overrule it in part.

## IV. Disposition

{¶ 25} We overrule Stout's first and second assignments of error, and we sustain in part and overrule in part his third assignment of error. We affirm the judgment of the Franklin County Municipal Court in case No. 24CRB-14526. In case No. 24CRB-9661, we modify the judgment in part, order that Stout's community control term end on the date originally provided in the court's June 2024 entry, and affirm the judgment as modified.

*Judgment affirmed in case No. 24CRB-14526*;
*Judgment affirmed as modified in case No. 24CRB-9661.*

BEATTY BLUNT, J, concurs.
JAMISON, J., concurs in part and dissents in part.

JAMISON, J., concurring in part and dissenting in part.

{¶ 26} Upon review of the record, I would find that the trial court erred by failing to call for an explanation of the circumstances of the offense and failing to partially comply with Crim.R. 11(E) prior to accepting appellant's guilty plea to violating a protection order in Franklin M.C. case No. 2024 CRB 014526. I would also find that the trial court failed to ensure that appellant knowingly, intelligently, and voluntarily admitted to the alleged probation violations in Franklin M.C. case No. 2024 CRB 009661. For these reasons, I respectfully concur in part and dissent in part.

{¶ 27} Preliminarily we must address appellant's first and second assignments of error as both assignments pertain to appellant's guilty plea to aggravated menacing in case No. 2024 CRB 009661. In relevant part, App.R. 4(A)(1) states that appeals from final orders must be filed within 30 days. "Where a notice of appeal is not filed within the time prescribed by law, an appellate court has no jurisdiction to consider issues that should have been raised in the appeal." *State v. Kramer*, 2004-Ohio-2646, ¶ 6 (10th Dist.). In this case, because appellant did not appeal the June 26, 2024 judgment of the trial court

where he pled guilty to aggravated menacing as mandated by App.R. 3 and 4(A) within 30 days, nor did he obtain leave of court to file a delayed appeal pursuant to App.R. 5(A), his appeal is untimely and this court lacks jurisdiction to consider the matter. Therefore, I would overrule in part appellant's first and second assignments of error due to the untimeliness of the appeal in case No. 2024 CRB 009661.

{¶ 28} R.C. 2937.07 states that "[u]pon receiving a plea of guilty, the court or magistrate *shall* call for an explanation of the circumstances of the offense from the affiant or complainant or the affiant's or complainant's representative." (Emphasis added.) Crim.R. 11(E) states that "[i]n misdemeanor cases involving petty offenses the court . . . *shall not* accept [a guilty] plea[] without first informing the defendant of the effect of the plea of guilty." (Emphasis added.) The majority appears not to dispute that the trial court's acceptance of appellant's guilty plea ran afoul of both R.C. 2937.07 and Crim.R. 11(E), rather, the majority instead relies on findings of harmless error, substantial compliance, and lack of prejudice.

{¶ 29} "The State bears the burden of ensuring that an explanation of circumstances appears on the record before a conviction is entered." *State v. Holley*, 2020-Ohio-5104, ¶ 21 (2d Dist.). The lack of compliance with R.C. 2937.07 in this matter is undisputed. Moreover, the majority does not cite any cases out of this court or the Supreme Court of Ohio in support of its assertion that a failure to call for an explanation of the circumstances is generally considered harmless error. Thus, we are not bound by the cases that have analyzed this issue under a harmless-error standard. R.C. 2937.07 is written as a mandatory statute as opposed to permissive. *Crossbridge, Inc. v. Shank*, 74 Ohio App.3d 779, 786 (10th Dist. 1991) ("may" generally connotes a permissive meaning, whereas "shall" usually is construed to make a provision mandatory). Thus, the prosecution and trial court blatantly failed to adhere to a statute that bestowed upon them a mandatory duty.

{¶ 30} The majority considers this issue separate from the issue of the trial court's compliance, or lack thereof, with Crim.R. 11. However, a determination that a defendant knowingly, intelligently, and voluntarily entered a guilty plea is based on the *totality of the circumstances. State v. Draughn*, 2016-Ohio-1240, ¶ 10 (10th Dist.). I submit that the two issues must be considered together. It is my opinion that a complete failure by the

prosecution and trial court to adhere to R.C. 2937.07 speaks directly to the totality of the circumstances surrounding a defendant's guilty plea.

{¶ 31} With regards to Crim.R. 11, in *Toledo v. Chiaverini*, 11 Ohio App.3d 43, 44 (6th Dist. 1983) the court found that a "defendant, whether or not he is represented by counsel, must be advised of other constitutional and statutory rights, pursuant to Crim.R. 11(E)." Some of those rights included the right to a trial, privilege against self-incrimination, and the right to confront the prosecution's witnesses. *Id.* Admittedly, the Supreme Court has at least questioned the ruling in *Chiaverini*, with at least one court of appeals noting that *Chiaverini* was significantly abrogated. *State v. Oklata*, 2004-Ohio-569, ¶ 16 (7th Dist.), citing *State v. Watkins*, 2003-Ohio-2419. However, it should be noted that the holding in *Chiaverini* was not explicitly overturned. Rather, the Supreme Court's ultimate holding in *Watkins* appears to be limited to traffic offenses. *Watkins* at ¶ 28 ("Accordingly, we find that where a defendant charged with a petty misdemeanor traffic offense pleads guilty or no contest, the trial court complies with Traf.R. 10(D) by informing the defendant of the information contained in Traf.R. 10(B).").

{¶ 32} I also readily admit that this court has declined to follow *Chiaverini* on more than one occasion. *State v. Johnson*, 1989 Ohio App. LEXIS 1759, *6 (10th Dist. May 11, 1989); *Columbus v. Pierce*, 1989 Ohio App. LEXIS 3409, *9-10 (10th Dist. Aug. 29, 1989); and *State v. George*, 2001 Ohio App. LEXIS 1831, *4 (10th Dist. Apr. 24, 2001).

{¶ 33} However, I find these aforementioned cases to be distinguishable. In *Johnson*, the defendant was charged with criminal trespass, a misdemeanor of the fourth degree. *Johnson* at *1; R.C. 2911.21(D)(1). Furthermore, the trial court orally advised the defendant to his right to counsel, including his right to appointed counsel if he cannot afford to hire his own; his right to a trial; and the maximum penalties for a criminal trespass violation. In this case, appellant was charged with violating a protection order, a misdemeanor of the first degree, which carries with it more significant consequences than the offense of criminal trespass. Moreover, the trial court in this matter never verbally advised the appellant of the rights and consequences that the trial court did in *Johnson*.

{¶ 34} In *Pierce*, the defendant was charged with reckless operation of a motor vehicle and operating a motor vehicle without a valid license. *Pierce* at *1. It should be noted that although this court declined to follow *Chiaverini* in *Pierce*, we still reversed the

matter in part due to the trial court's failures to inform the defendant of the meaning or effect of her plea, advise her of the maximum possible penalties, and make a finding that the plea was entered into knowingly, intelligently, and voluntarily. *Id.* at *9. *Pierce* is distinguishable from this matter because it involves traffic offenses instead of a criminal offense. Thus, it is even debatable whether *Pierce* is good law because it was decided prior to the Supreme Court's decision in *Watkins*. Additionally, unlike the trial court in this case, the trial court in *Pierce* provided the defendant with an explanation of the facts giving rise to the offense before accepting her plea. *Id.* at *7-8.

{¶ 35} In *George*, the defendant was charged with operating a motor vehicle under the influence of alcohol and/or drugs of abuse and failure to maintain marked lanes of travel. *George*, 2001 Ohio App. LEXIS 1831 at *1-2 (10th Dist.). Prior to accepting the defendant's plea, the trial court verbally advised the defendant of his right to a formal jury or bench trial, as well as the maximum penalties of the offenses to which he was pleading guilty. *Id.* at *4-5. The trial court also inquired as to whether the defendant was satisfied with his legal representation. *Id.* at *5. Again, *George* suffers from the same issue as *Pierce* in that it was a traffic case decided prior to the Supreme Court's decision in *Watkins*. Moreover, in this matter, the trial court neither verbally advised appellant of his right to a jury or bench trial, nor did it inquire as to whether he was satisfied with his legal representation. Additionally, unlike the trial court in *George*, the trial court here did not orally advise appellant of the maximum penalties that could result from his guilty plea.

{¶ 36} Based on my review of the record, I am of the opinion that the trial court failed to substantially comply with Crim.R. 11 prior to accepting appellant's guilty plea. I am aware that with regards to nonconstitutional rights, if the trial court partially complies with Crim.R. 11, a guilty plea will not be vacated unless the defendant demonstrates that the plea would not have otherwise been made. *State v. Carmon*, 2025-Ohio-1713, ¶ 12 (10th Dist.). However, it is also my opinion that the trial court in this matter failed to even partially comply with Crim.R. 11. It is undisputed that prior to accepting appellant's guilty plea, the trial court failed to personally explain to appellant the rights he would waive or the maximum possible penalties he was facing. The trial court in this case completely failed to advise appellant of the effects of his guilty plea. The state failed to meet its burden to ensure that facts supporting the conviction were read into the record.

{¶ 37} The Eleventh District Court of Appeals recently addressed the trial court's failure to comply with Crim.R. 11 in a misdemeanor OVI case. *State v. Wilson*, 2025-Ohio-2110 (11th Dist.). In *Wilson*, the trial court advised the defendant of the rights he was waiving by pleading guilty. *Id*. at ¶ 6. The trial court did not advise the defendant that his guilty plea was a complete admission of guilt, nor does it appear as though the defendant was advised of the maximum potential penalties. *Id*. Also relevant, is that the state failed to set forth a factual basis for the offense to which the defendant was pleading guilty. *Id*. at ¶ 24. Ultimately, the Eleventh District found that the trial court completely failed to comply with portions of Traf.R. 10 and Crim.R. 11 by failing to advise the defendant his guilty plea was a complete admission of guilt and not obtaining a factual basis for the offense. *Id*. at ¶ 19, 24. In so holding, the Eleventh District stated that "a defendant's burden to show prejudice is [] eliminated if there is a *complete* failure to comply with a portion of Crim.R. 11." (Emphasis in original.) *Id*. at ¶ 17.

{¶ 38} The *Wilson* case is nearly analogous to the instant matter. In fact, the record regarding the defendant's guilty plea is arguably stronger in *Wilson* than the record here. In both cases, no factual bases were placed into the records before the trial courts accepted the defendants' guilty pleas. Furthermore, in both cases, the trial courts failed to verbally advise the defendants of the maximum potential penalties and that their guilty pleas were complete admissions of guilt. Unlike this case, the trial court in *Wilson* advised the defendant of the various rights he was waiving by pleading guilty. No such advisement appears in the cursory exchange between the trial court and appellant in this matter. It follows that if the trial court completely failed to comply with a portion of Crim.R. 11 in *Wilson*, then the same outcome should result here. Given that the trial court failed to address even the minimal information required by Crim.R. 11, appellant did not need to prove that his plea would not have otherwise been made.

{¶ 39} The majority excuses the above defects by pointing out that appellant signed a form explaining to him the rights he was waiving and the maximum penalties. However, this court has previously stated that "a written plea form advising a defendant of the constitutional rights he or she is waiving is not an adequate substitute for the trial court's personally informing a defendant of those rights." *State v. Saaty*, 1997 Ohio App. LEXIS 777, *7 (10th Dist. Mar. 4, 1997). The majority decision points out that during the plea

hearing appellant confirmed it was his signature on the plea form. However, that does nothing to establish that appellant understood the contents of the form.

{¶ 40} The majority also states that appellant confirmed he understood the contents of the document. This is inaccurate. The trial court did not ask appellant if he understood the contents of the document. It asked appellant if he understood everything counsel was explaining to him before he signed the document. Unfortunately, counsel's explanations to his client are not only outside of the record, but appellant was never asked if counsel explained, and he understood the Constitutional rights he was waiving or the maximum possible penalties. Thus, the majority's conclusion that appellant understood the plea form is premised on an assumption that counsel explained to him all of his rights he was waiving and the consequences of pleading guilty. Furthermore, counsel's statement on the record that he believed appellant was proceeding knowingly, intelligently, and voluntarily was insufficient to overcome an otherwise insufficient plea colloquy. *See Saaty* at *8 (finding that defense counsel's statements that he informed the defendant of the rights he was waiving was insufficient). Counsel's belief is not the question to be considered by this court when analyzing whether appellant made a knowing, intelligent, and voluntary plea.

{¶ 41} It should also be noted that the plea form contains the maximum possible penalty for each degree of misdemeanor, does not include the degree of misdemeanor to which appellant was pleading guilty, and it is unclear what the handwritten underlines on the plea form mean (there is a line through 90 days of jail for a misdemeanor of the second degree). Thus, the form is unclear about the maximum potential penalties and cannot make up for the fact that the trial court failed to advise appellant of the maximum potential punishment during the hearing. *See Columbus v. Simmons*, 1999 Ohio App. LEXIS 6503, *6-7 (10th Dist. Dec. 28, 1999) (disorderly conduct guilty plea vacated where plea form and trial court failed to advise defendant of maximum penalties despite defendant's admission that counsel advised her of said penalties). Based on the complete failure to adhere to R.C. 2937.07 and the trial court's failure to partially comply with Crim.R. 11, I would vacate appellant's guilty plea and remand the matter for further proceedings. I would not find that, upon remand, dismissal is warranted based on double jeopardy grounds. *See Girard v. Giordano*, 2018-Ohio-5024, ¶ 24 (double jeopardy only applies to remands due to insufficiency of the evidence, not procedural errors).

{¶ 42} I would also like to point out that even if I were to believe that the trial court partially complied with Crim.R. 11(E), the additional error of there being no explanation of circumstances in the record invalidates appellant's guilty plea. *See Carmon*, 2025-Ohio-1713, at ¶ 13 (10th Dist.) (too many defects with the plea for the court to ignore). In fact, although procedurally distinguishable, this case is nearly identical to the case in *Holley*, 2020-Ohio-5104 (2d Dist.). In *Holley*, while the jury was deliberating after trial in a felony having weapons under disability case, the parties reached a plea agreement in which the defendant pled guilty to a misdemeanor carrying concealed weapons charge. *Id*. at ¶ 6. During the trial court's colloquy, it advised the defendant of the maximum penalties but did not mention a single constitutional right he was waiving. *Id*. at ¶ 8. On appeal, the Second District found that the defendant's plea was invalid due to the trial court's failure to advise the defendant of the effect of his plea. The Second District also noted that the state failed to ensure compliance with R.C. 2937.07 but did not analyze that issue because the matter was already being reversed due to the trial court's lack of compliance with Crim.R. 11.

{¶ 43} This matter is essentially analogous to the case in *Holley*. Here, just as in *Holley*, there was no recitation of facts prior to appellant's misdemeanor guilty plea. Moreover, in both cases, the trial courts failed to comply with Crim.R. 11. It stands to reason that the same outcome in *Holley* should be the result in this matter. In fact, the record in *Holley* was arguably stronger than the record here. In *Holley*, the trial court at least orally advised the defendant of the maximum possible penalties that could result from his guilty plea. *Holley* at ¶ 8. There was no such advisement in this matter.

{¶ 44} It is also worth noting that this is an exceptional case where we are provided with an insight into how plea hearings are being conducted in a given court. Although for procedural reasons we are unable to address appellant's plea in case No. 2024 CRB 009661, appellant's guilty plea to aggravated menacing in that case suffers from the same defects as his plea to violating a protection order in case No. 2024 CRB 014526. Based on a review of the plea hearing transcripts in both cases, it appears that these are not isolated incidents or accidental omissions. To the contrary, it appears that this is an established procedure wherein the state completely abdicates its burden to ensure compliance with R.C. 2937.07 and the trial court minimally attempts to comply with Crim.R. 11(E). I am deeply concerned that the majority's decision will authorize the continuation of this pattern of a blatant

violation of a mandatory statute and minimal compliance with a criminal rule that is in place to protect the most basic of defendants' rights. Indeed, this single defendant has pled guilty to two first-degree misdemeanors with potential future felony enhancements in two separate plea hearings without once being personally advised by the trial court of the maximum penalties or a single right he was waiving. While I understand the need for efficiently disposing of cases in courts with high volume dockets, I do not believe the burden of asking a few more questions during a colloquy is so onerous that it requires doing the bare minimum to ensure that a defendant is knowingly, intelligently, and voluntarily entering a plea.

{¶ 45} I would also be remiss to not mention my skepticism with regards to violating a protection order being classified as a petty offense. In my opinion, a potential penalty of six months in jail is far from petty. In fact, a felony of the fifth degree, a serious offense per the criminal rules, the minimum potential local sanction is also six months. R.C. 2929.16(A)(2); *State v. Taylor*, 2020-Ohio-1636, ¶ 12 (10th Dist.). Additionally, the violating a protection order statute contains the rare misdemeanor provision that enhances future violations to a felony offense. It is my opinion that, at the very least, misdemeanors that carry with them a potential term of incarceration of six months and/or the potential enhancement of future violations to felonies should be classified as serious offenses. Nevertheless, until the criminal rules are revised or the legislature enacts legislation to classify these offenses as such, we are bound by the definition contained in Crim.R. 2(D).

{¶ 46} As for appellant's third assignment of error, I would find that the trial court failed to adhere to the requirements of Crim.R. 32.3. Pursuant to Crim.R. 32.3(A), the court shall not "revoke probation except after a hearing at which the defendant shall be present and apprised of the grounds on which action is proposed." In this matter, the trial court only asked if there was a stipulation as to probable cause and a finding of violation. In fact, the court did not even ask the question of appellant, it asked defense counsel. The trial court did not ask a single question of appellant during the probation revocation portion of the hearing. It is true that alleged violations were filed on September 11, 2024, with an addendum containing different alleged violations on November 12, 2024. These filings vaguely contained the probation conditions appellant allegedly violated, as well as short, three-sentence statements, regarding the alleged facts of said violations. It was neither

confirmed on the record to which violations appellant was admitting, nor did the trial court orally advise the defendant of the alleged violations. It should also be noted that appellant was not advised during his plea to a violation of a protection order, that his plea of guilty could negatively impact his status on community control. While Crim.R. 32.3 does not require the trial court to advise a defendant of the rights he is waiving by admitting to a probation violation, the trial court had a duty to advise appellant of his right to a probable cause and/or evidentiary hearing and the consequences of admitting to the alleged violations.

{¶ 47} Based on the foregoing, I would also find that appellant's admission, through counsel, to the alleged probation violations was not knowingly, intelligently, or voluntarily made. Thus, I would reverse the finding that appellant violated his probation, reverse and strike the additional conditions that modified the community control sanction, and remand this matter for further probation revocation proceedings.

{¶ 48} I would overrule appellant's first and second assignments of error as to case No. 2024 CRB 009661, sustain appellant's first and second assignments of error as it pertains to case No. 2024 CRB 014526, vacate said guilty plea in case No. 2024 CRB 014526, and remand the matter to the trial court for further proceedings. Finally, I would sustain appellant's third assignment of error and reverse the trial court's finding and remand the matter for further proceedings consistent with this opinion.

{¶ 49} For these reasons, I respectfully concur in part and dissent in part.

_____